

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2003

# Jones v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket 02-2292

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Jones v. Philadelphia" (2003). *2003 Decisions.* Paper 759.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/759

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 02-2292


NORMAN K. JONES, II,

Appellant

v.

CITY OF PHILADELPHIA; JOHN F. TIMONEY,
IN HIS CAPACITY AS COMMISSIONER OF THE
CITY OF PHILADELPHIA, POLICE DEPARTMENT;
WALTER BIELSKI, DETECTIVE, BADGE NUMBER 9198,
INDIVIDUALLY AND AS A DETECTIVE WITH THE CITY OF
PHILADELPHIA POLICE DEPARTMENT; FRANK KANE, DETECTIVE,
BADGE NUMBER 9254, INDIVIDUALLY AND AS A DETECTIVE
WITH THE CITY OF PHILADELPHIA POLICE DEPARTMENT;
ABINGTON TOWNSHIP; WILLIAM KELLY, IN HIS CAPACITY
AS CHIEF OF ABINGTON TOWNSHIP POLICE DEPARTMENT;
JOE DOE, POLICE OFFICER, AND UNIDENTIFIED POLICE
OFFICERS, INDIVIDUALLY AND AS AN OFFICER OF THE
ABINGTON TOWNSHIP POLICE DEPARTMENT; JACK DOE,
POLICE OFFICER, AND UNIDENTIFIED POLICE OFFICERS,
INDIVIDUALLY AND AS AN OFFICER OF THE ABINGTON
TOWNSHIP POLICE DEPARTMENT JOINTLY
AND SEVERALLY; STEVEN HOCKWIND, SERGEANT;
PATRICK MALLOY, OFFICER; ABINGTON TOWNSHIP
POLICE DEPARTMENT


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 00-04086)
Honorable Eduardo C. Robreno, District Judge


Submitted under Third Circuit LAR 34.1(a)
February 28, 2003

BEFORE: SCIRICA, GREENBERG, and GIBSON,* Circuit Judges,

(Filed: March 4, 2003)


OPINION OF THE COURT


GREENBERG, Circuit Judge.

Norman K. Jones, II appeals from an order entered in the district court on April
12, 2002, denying his motions for a judgment notwithstanding the verdict and in the
alternative for a new trial pursuant to Fed. R. Civ. P. 50 and Fed. R. Civ. P. 59. We treat
the motion for a judgment notwithstanding the verdict as a motion for judgment as a
matter of law. Inasmuch as the parties are fully familiar with the background of this case

and the district court summarized the operative facts in its order we will not set forth the facts.  On this appeal Jones makes the following contentions:

> 1.  The District Court committed an error of law when it denied his post trial motion for a new trial without applying the proper standard and making the appropriate analysis.
>
> 2.  The District Court abused its discretion when it precluded his expert witness from testifying on the City of Philadelphia police officers/defendants' lack of probable cause to arrest him when the City

*Honorable John R. Gibson, Senior Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

> of Philadelphia police officers/defendants did not file a Motion in Limine on the issue and expressly denied a hearing pursuant to Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993), on the issue.
>
> 3.  The District Court committed an error of law when it charged the jury on City of Philadelphia  police officers/defendants' liability for making false or misleading statements on the affidavit for probable cause where the instruction was misleading and confusing and failed to define the term 'reckless disregard for the truth' and failed to define the offense of Harassment by Communication.

We reject these contentions.  In his brief Jones complains that the district "court failed to independently analyze [his] Rule 59 motion for a new trial . . . [but] [i]nstead . . . adopted the jury's findings and conclusions, and held that they did not constitute a 'miscarriage of justice.'" Brief at 12.  We disagree.  The district court well understood the correct standard to apply on a new trial motion and applied that standard.  See Klein v. Hollings, 992 F.2d 1285, 1290 (3d Cir. 1993).  While it is true that the district court, having set forth the evidence in denying Jones's motion for judgment as a matter of law, rather than repeating the evidence when denying a new trial merely referred to its earlier discussion, that circumstance does not mean that the court did not understand its obligation on the motion to analyze the evidence under the less stringent standard for granting a new trial rather than the standard applicable when considering a motion for judgment as a matter of law.

We have reviewed Jones's two other contentions and reject them summarily as they are without merit.  We would be particularly reluctant to reverse on the basis of the alleged error in the jury instructions as Jones did not object to the instructions, and when asked, told the district court "I am very satisfied with the instructions."  App. at 549.  See Fed. R. Civ. P. 51 ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.").

For the foregoing reasons we will affirm the order of April 12, 2002.


/s/ Morton I. Greenberg
Circuit Judge


DATED:  March 4, 2003